T.C. Summary Opinion 2006-196

UNITED STATES TAX COURT

THOMAS WAYNE AND ROSALIE GERALDINE KEENE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21153-05S.          Filed December 27, 2006.

Thomas Wayne and Rosalie Geraldine Keene, pro se.

<u>Brenda Fitzgerald</u>, for respondent.

WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 in effect at the time the petition was
filed.  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.  Unless
otherwise indicated, all section references are to the Internal
Revenue Code, as amended.

Respondent determined a deficiency in petitioners' Federal income tax of $1,995 for their 2003 taxable year.  The issue we decide is whether certain disability benefits received by petitioner Thomas Wayne Keene (petitioner) as workers' compensation are includable in gross income pursuant to section 86(a).

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petition in the instant case, petitioners resided in Warner Robins, Georgia.

During 2003, petitioner received disability benefits from the U.S. Department of Labor (DOL), Office of Workers' Compensation Programs, for a back injury that petitioner suffered on February 23, 1994.  During 2003, petitioner also received Social Security disability benefits from the Social Security Administration (SSA).  According to the SSA, petitioner's primary disability is "discogenic/degenerative disorder of the back" and his secondary disability is "diabetes mellitus".

The SSA reported to the Internal Revenue Service that petitioner had received "Net Benefits for 2003" totaling $12,019, of which $9,706 was paid by DOL as workers' compensation benefits.  On the basis of a letter from the SSA, petitioner

calculated that his taxable Social Security benefits for 2003 were $1,376[1] and reported that amount on his 2003 tax return. Respondent determined that petitioner's taxable Social Security benefits totaled $10,216.15, $8,840.15 greater than the amount reported by petitioner.

## Discussion

Petitioners contend, inter alia, that the Workers' Compensation benefits petitioner received from DOL are not taxable because they were not paid by the SSA.[2]  We disagree.

---

[1]The SSA letter petitioner used to calculate his taxable Social Security benefits states that petitioner's monthly Social Security benefits for 2003 would be $192.70, minus a $58.70 deduction for Medicare, resulting in $134 to be deposited in petitioner's bank account each month.

It is unclear how petitioner determined his taxable Social Security benefits totaled $1,376, because $134 multiplied by 12 months equals $1,608.  We note that $192.70 multiplied by 12 months equals $2,312.40, and that the difference between petitioner's $12,019 net Social Security benefits and the $9,706 paid by DOL is $2,313.

[2]Petitioners also contend that the issue in the instant case was previously decided in their favor in a Tax Court case at docket No. 22889-04S regarding their 2002 taxable year. Petitioners also rely on a letter from respondent's Appeals Office dated Mar. 8, 2005, implying that respondent wrongly included petitioner's workers' compensation benefits in determining petitioners' Social Security benefits for 2003.

We note that respondent and petitioner signed an agreed decision in the case at docket No. 22889-04S based on what respondent now contends was an erroneous conclusion by respondent's Appeals Office.  We also note that after respondent's Appeals Office realized the error contained in the Mar. 8, 2005, letter to petitioners, respondent's Appeals Office sent another letter dated July 18, 2005, to petitioners informing
(continued...)

Gross income includes all income from whatever source derived unless excluded by a provision of the Internal Revenue Code. Sec. 61(a). Section 86(a) provides that gross income includes Social Security benefits in an amount equal to a prescribed formula.[3] Social Security benefits mean any amount received by a taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act. Sec. 86(d)(1)(A). Title II of the Social Security Act provides for disability benefits. See 42 U.S.C. secs. 401-434 (2000).

Prior to 1984, disability payments received by a taxpayer who retired due to a permanent disability were excluded from gross income pursuant to section 105(d). The Social Security Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 87, repealed section 105(d) and the limited exclusion of disability benefits for tax years beginning after 1983. Since 1984, Social Security disability benefits have been taxed in the same manner

---

[2](...continued)
them that the March 8 letter was incorrect and that petitioner's workers' compensation benefits are includable in petitioner's Social Security benefits for 2003.

We agree with petitioners that respondent's Appeals Office has caused petitioners a great deal of confusion in the instant case. Nonetheless, for reasons stated below, petitioner's workers' compensation benefits are includable in gross income as taxable Social Security benefits notwithstanding respondent's erroneous conclusions in the case at docket No. 22889-04S regarding petitioners' 2002 taxable year.

[3]Petitioners have not challenged the formula provided in sec. 86(a).

as other Social Security benefits and subject to tax pursuant to section 86.  Sec. 86(d)(1); <u>Thomas v. Commissioner</u>, T.C. Memo. 2001-120 (and cases cited therein).  A reduction of Social Security disability benefits due to the receipt of benefits under a workmen's compensation act does not reduce the total amount of taxable Social Security benefits.  Sec. 86(d)(3); <u>Mikalonis v. Commissioner</u>, T.C. Memo. 2000-281.  Accordingly, we hold the amounts petitioner received from DOL as workers' compensation benefits are includable in gross income as taxable Social Security disability benefits.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.